IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JON HORTON, et al., }
    Plaintiffs, }
     } CIVIL ACTION NO.
v. }
     } 02-AR-1687-S
CITIMORTGAGE, INC., }
    Defendant. }

## MEMORANDUM OPINION

The court has before it the motion of plaintiffs, Jon Horton and Cindy Horton, to remand the above-entitled case to the Circuit Court of Jefferson County, Alabama, Bessemer Division, from which it was removed by defendant, Citimortgage, Inc., on the basis of diversity. The parties admittedly have diverse citizenships. The only question upon which subject matter jurisdiction depends is whether the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332, in order to confer original jurisdiction on this court.

The complaint filed in the state court alleges an unmet fiduciary obligation by defendant to pay certain *ad valorem* taxes from loan payments made by plaintiffs, resulting in an embarrassing tax sale of plaintiffs' real property that had been mortgaged to defendant as security. The complaint's reference to damages is, to say the least, enigmatic. It conspicuously contains no *ad damnum*. The amount of possible **actual** damages is obviously considerably less than $75,000. While there is a claim for punitive damages,

the notice of removal, by conclusory averments, asks this court to assume with defendant that the combination of compensatory and punitive damages can reasonably be expected to exceed $75,000. This is a hopelessly hopeful assumption.

In plaintiffs' motion to remand, and during oral argument in support of it, plaintiffs' counsel readily concedes that the amount in controversy cannot realistically reach the $75,000 mark. The truth is that plaintiffs never expected to recover as much as $75,000, and have lost nothing by clarifying the ambiguity they created, whether inadvertently or deliberately, by their not specifically limiting their *ad damnum* to less than $75,000. Plaintiffs' post-removal unequivocal written agreement never to seek more than $75,000 would have automatically entitled them to a remand during the hey-day of *Bailey v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1415 (N.D. Ala. 1997). Although *Bailey* temporarily disappeared from the radar screen, it was incrementally resurrected by the progression of *Johansen v. Combustion Engineering, Inc.*, 170 F. 3d 1320 (11th Cir. 1999); *Cooper Industries, Inc. v. Leatherman Tool Company, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001); and *Arnold v. Guideone Specialty Mutual Ins. Co.*, 142 F. Supp. 2d 1319 (N.D. Ala. 2001), and was breathed fully into new life by *Williams v. Best Buy Company, Inc.*, 269 F. 3d 1316 (11th Cir. 2001). *Best Buy* stands firmly in the way of a removal based upon a defendant's mere conclusory allegation that the requisite amount in controversy

exists. *Best Buy* requires the trial court to evaluate a case *sua sponte*, if necessary, in order to determine whether the amount in controversy actually exceeds $75,000. See also, *Momin v. Maggiemoo's International, L.L.C.*, ___ F. Supp. 2d ___, 2002 WL 1300037 (D. Md. 2002), an opinion with which this court agrees.

In the instant case, a mini-trial on the question of the jurisdictional amount is not called for, because it is now readily apparent, if it was not apparent from the original complaint, that the amount in controversy does not exceed $75,000. The matter has been formally conceded by plaintiffs, a concession to which they are now contractually and morally bound. If a judgment in excess of $75,000 were ever entered in this case in favor of plaintiffs, the judgment could not withstand the constitutional tests recognized in *Combustion Engineering* and in *Cooper Industries* on appeal. Furthermore, it would constitute a breach of plaintiffs' solemn obligation if they ever tried to collect more than $75,000 from defendant.

A separate order consistent with this opinion will be entered.
DONE this 25th day of July, 2002.

                                WILLIAM M. ACKER, JR.
                                UNITED STATES DISTRICT JUDGE